IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02183-BNB

SIDNEY A. POTTS,

    Applicant,

v.

J. M. WILNER, Warden, F.C.I. Florence,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 21 2009

GREGORY C. LANGHAM
                  CLERK

## ORDER OF DISMISSAL

Applicant Sidney A. Potts is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado. Mr. Potts, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Supplemental Memorandum.

The Court must construe the Application and the Supplemental Memorandum liberally because Mr. Potts is a *pro se* litigant. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. See **Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

On January 28, 1998, a jury found Mr. Potts guilty of conspiracy to possess and distribute cocaine, and of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 846(a)(1), in the United States District Court for the District of Alaska (District of Alaska). See **United States v. Potts**, No. 97-cr-00056-JWS-1 (D. Alaska Feb. 3, 1998). Mr. Potts asserts that he filed a 28 U.S.C. § 2255 motion challenging the

sentencing enhancement ordered by the trial judge, which was denied on January 30, 2003.  Mr. Potts further asserts that he filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) that also was denied by the District of Alaska.  Mr. Potts also asserts this Court denied his previous § 2241 action, in Case No. 09-cv-00322-ZLW, for failure to exhaust all of his remedies.  Mr. Potts contends, however, that the instant action is properly before this Court because he has exhausted all available remedies, including a request for authorization from the United States Court of Appeals for the Ninth Circuit to file a successive § 2255 motion, which was denied.

Mr. Potts again asserts, as he did in Case No. 09-cv-00322-ZLW, that, while researching the issues he raised in his § 3582 motion, he discovered the sentencing court committed clear error in imposing the sentence in his case, and as a result his sentence was improperly calculated and unlawfully imposed outside the maximum allowable guideline sentence.  He further contends that the error was caused by ineffective assistance of counsel and violated his due process and Eighth Amendment rights.

Mr. Potts' previous § 2241 action in this Court was not dismissed because Mr. Potts failed to exhaust all available remedies.  Mr. Potts was instructed in the Court's dismissal order in Case No. 09-cv-00322-ZLW that the purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established.  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted).  "The purpose of section 2255 is to

2

provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 367 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

The remedy available under 28 U.S.C. § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). For example, the remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See id.* Another situation that may render the remedy available pursuant to § 2255 inadequate and ineffective is when the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the petitioner is actually innocent. *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001); *see also United States v. Apodaca*, 90 F. App'x 300, 304 n.10 (10th Cir. 2004) (agreeing with *Reyes-Requena* that recourse to § 2241 "will be unavailing unless accompanied by a clear showing of actual innocence.")

The fact that Mr. Potts is barred from raising his claims in a successive motion in the sentencing court pursuant to 28 U.S.C. § 2255, by itself, does not demonstrate that

3

the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179. The Ninth Circuit denied Mr. Potts' most recent attempt to file a successive § 2255 motion, because he failed to make a prima facie showing that no reasonable factfinder would have found him guilty of the offense based on newly discovered evidence or that a new rule or constitutional law, made retroactive to cases on collateral review by the Supreme Court, was previously unavailable. *See Potts v. United States*, No. 09-71676 (9th Cir. (D. of Alaska) Aug. 18, 2009). Mr. Potts' successive motion was considered by the Ninth Circuit in what appears to be a timely fashion. There also is no indication that the Ninth Circuit was unable to grant him complete relief if such relief was proper.[1]

---

[1] Upon review of Mr. Potts' criminal case in the District of Alaska, the Court finds that he has filed more than two § 2255 motions in an attempt to vacate his sentence. He filed a § 2255 motion while his direct appeal was pending that was denied for lack of jurisdiction. *United States v. Potts*, No. 97-cr-00056-JWS, Doc # 409 (D. Alaska Order Filed Dec. 31, 2008). Following the appellate decision affirming Mr. Potts' conviction and sentence, he filed a second § 2255 motion, in which counsel was appointed, the matter was fully briefed, the trial court denied the motion, and he unsuccessfully appealed. *Id.* Mr. Potts sought permission from the Ninth Circuit to file a third § 2255 motion, but the request was denied. *Id.*

Mr. Potts subsequently, through counsel, filed a motion pursuant to 18 U.S.C. § 3582, after the United States Sentencing Commission made a decision to reduce the advisory Guideline offense level of crack cocaine crimes retroactively. *Id.* Before the merits were addressed in the § 3582 motion, Mr. Potts moved for appointment of a new attorney. *Id.* The court denied the motion for appointment, allowed Mr. Potts to file a new § 3582 motion, and appointed a new counsel for him. *Id.* Again, however, Mr. Potts was dissatisfied with his attorney, he filed a motion to proceed *pro se*, and his attorney filed a motion to withdraw that was granted. *Id.*

Upon review of the § 3582 motion, the sentencing court found that Mr. Potts did not seek an adjustment based on § 3582(c), and the retroactive guidelines, but he challenged alleged errors that took place during the trial proceedings. The trial court found that the motion was in reality a successive § 2255 motion and could not be filed in the trial court unless Mr. Potts sought permission from the Ninth Circuit. Mr. Potts appealed the denial of his § 3582 motion, but subsequently he filed a motion to voluntarily dismiss the appeal. *Id.* at Doc. # 420. The claims that Mr. Potts raised in his § 3582 motion are similar to the claims he asserts in this case, which includes an ineffective assistance of counsel claim and a *Blakely v. Washington*, 532 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), claim, although Mr. Potts does not specifically cite to *Booker* and *Blakely* in this case.

4

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). However, a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Potts first must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id.* Mr. Potts then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. The "core idea" of the actual innocence factor "is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Reyes-Requena*, 243 F.3d at 903. Mr. Potts fails to present any new evidence to demonstrate his actual innocence. He does not claim that he is innocent of conspiracy to possess and distribute cocaine or of possession of cocaine with the intent to distribute cocaine. Mr. Potts only argues that the sentence enhancement he received is an unlawful sentence. This Application, therefore, will be denied, and the action dismissed, because Mr. Potts fails to assert that his remedy in the sentencing court is inadequate and ineffective.

The Court also notes that Mr. Potts raised the same claims in a § 2241 action in the District of Oregon, *see Potts v. Daniels*, No. 05-cv-01927-MO (D. Ore. Mar. 2, 2006), as he raises in this action. Although Mr. Potts does not cite to *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), in this case, as he did in the § 2241 action that he filed in the District of Oregon, and in

5

his § 3582 motion, the arguments he sets forth in the instant action challenge the trial court's authority to sentence him for conduct not charged in the indictment and not presented to the jury, which are the same issues decided in **Booker** and **Blakely**. The District of Oregon dismissed the § 2241 action with prejudice, because Mr. Potts failed to show cause and prejudice or a fundamental miscarriage of justice that would justify addressing his claims, and he failed to pass the threshold of demonstrating that he lacked an adequate and effective remedy under § 2255 in the sentencing court. Nonetheless, the Court will refrain from determining whether this action is successive. **See McCarthy v. Warden USP Florence**, 2009 WL 997380, No. 08-1386 (10th Cir Apr. 15, 2009) (unpublished). Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Potts fails to assert that the remedy available pursuant to 28 U.S.C. § 2255 in the sentencing court is ineffective and inadequate.

DATED at Denver, Colorado, this 20 day of Oct, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02183-BNB

Sidney A. Potts
Reg No. 11909-006
FCI - Florence
P.O. Box 6000
Florence, CO 81226-6000

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/21/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk