IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02183-ZLW

SIDNEY A. POTTS,

Applicant,

v.

J. M. WILNER, Warden, F.C.I. Florence,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 19 2009

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the *pro se* pleading titled, "Motion to Reconsider and Issue Writ," filed by Applicant Sidney A. Potts on November 4, 2009. Mr. Potts, a federal prisoner housed in the State of Colorado, seeks reconsideration of the October 21, 2009, Order of Dismissal that denied his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Motion liberally because Mr. Potts is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion will be denied.

The Court denied the Application and dismissed the action because Mr. Potts has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Alaska. The reasons for the dismissal are explained in detail in the October 21, 2009, Order of Dismissal.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. ***Id.***; ***see also Dalton v. First Interstate Bank***, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). ***Van Skiver***, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. ***Van Cauwenberghe v. Biard***, 486 U.S. 517, 521-22 (1988); ***In re Durability, Inc.***, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." ***Sherr v. Sierra Trading Corp.***, 492 F.2d 971, 978 (10th Cir. 1974). The October 21, 2009, Order denied the Application and dismissed the action. The instant Motion was filed on November 4, 2009. Mr. Potts has filed the motion within ten days of the final judgment in the instant action. ***See*** Fed. R. Civ. P. 6(a). The Motion, therefore, properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to reconsider that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). ***See Van Skiver***, 952 F.2d at 1244.

Upon consideration of the entire file, the Court finds and concludes that Mr. Potts fails to demonstrate some reason why the Court should reconsider and vacate its decision to dismiss this action. Therefore, the Motion will be denied. Accordingly, it is

ORDERED that the Motion to Reconsider and Issue the Writ (Doc. No. 7), filed on November 4, 2009, is construed as filed pursuant to Fed. R. Civ. P. 59(e) Motion and is denied.

DATED at Denver, Colorado, this 19 day of Nov., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02183-BNB

Sidney A. Potts
Reg No. 11909-006
FCI - Florence
P.O. Box 6000
Florence, CO 81226-6000

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/19/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk